IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JULIO CESAR NAVARRETE-GARCIA,[1]  )
                                  )
                    Petitioner,   )
                                  )
        v.                        )        1:14CV754
                                  )
T. MCCOY,                         )
                                  )
                    Respondent.   )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus via 28 U.S.C. § 2254. (Docket Entry 1.) For the reasons that follow, the Court should deny relief.

### I. Introduction

A jury in the Superior Court of Forsyth County found Petitioner guilty of drug offenses, including "conspiracy to traffic in more than 400 grams of cocaine. The trial court consolidated the convictions for judgment and imposed 175 to 219 months imprisonment." State v. Navarrete-Garcia, No. COA12-1039, 741 S.E.2d 511 (table), 2013 WL 1314155, at *1 (N.C. Ct. App. Apr. 2, 2013) (unpublished), review denied, 366 N.C. 598, 743 S.E.2d 223 (2013). Petitioner unsuccessfully pursued a direct appeal. Id. He then filed a motion for appropriate relief ("MAR") (Docket Entry

---

[1] The caption of the Petition spells Petitioner's last name "Nazarett-Garcia" (Docket Entry 1 at 1), but the spelling of his last name in the signature attesting to the Petition appears as "Navarrete-Garcia" (id. at 14). The direct appeal documents from Petitioner's underlying state criminal case use the latter spelling as well. State v. Navarrete-Garcia, No. COA12-1039, 741 S.E.2d 511 (table), 2013 WL 1314155 (N.C. Ct. App. Apr. 2, 2013) (unpublished), review denied, 366 N.C. 598, 743 S.E.2d 223 (2013). The verdict sheets, judgment, and trial transcript from Petitioner's underlying state criminal case also employ that spelling. (See Docket Entry 5-4 at 33, 35, 38; Docket Entry 5-12 at 85.)

5-9 at 2-12), which the trial court denied (see Docket Entry 1 at 17)[2] and which the North Carolina Court of Appeals declined to review (id. at 16). Petitioner thereafter commenced this action, raising these three claims: 1) "Ineffective Assistance of Counsel" (id., ¶ 12(Ground One));[3] 2) "Eighth Amendment Violation" (id., ¶ 12(Ground Two)); and 3) "Defective Indictment" (id., ¶ 12(Ground Three)). Respondent moved for summary judgment (Docket Entry 4) and Petitioner responded (Docket Entry 7).

## II. Discussion

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, "[b]efore [the] [C]ourt may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to [this] [C]ourt in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

### A. Grounds One and Two

Ground One alleges that Petitioner received ineffective assistance based on these "[s]upporting facts": "[C]ounsel refused

---

[2] Page citations refer to the page numbers that appear in the footer appended to documents upon their docketing in the CM/ECF system.

[3] The handwritten portions of the Petition (as well as Petitioner's summary judgment response) use all capitals, but (for ease of reading) this Memorandum Opinion utilizes standard capitalization conventions when quoting such text.

to do any investigative work into the amount of the substance, the prior record level of [Petitioner], the excessive sentencing based on the Eighth (8th) Amendment, the coercive tactics to try to convince [] Petitioner to accept a plea he did not want or take." (Docket Entry 1, ¶ 12(Ground One)(a).) Ground Two asserts an Eighth Amendment claim premised on these "[s]upporting facts": "The excessive nature of the sentencing of [] Petitioner is/should be weighed against the cases of Michael Lee Griffin[, case numbers] 09CRS53278, 53285, 8442; State v. Starkey, 177 N.C. App. 264, and that of State v. Strausser[,] No. COA 04-982." (Docket Entry 1, ¶ 12(Ground Two)(a).) These claims cannot proceed.

First, Petitioner did not present such claims on direct appeal, see Navarrete-Garcia, 2013 WL 1314155, at *1 ("In his sole argument on appeal, [Petitioner] contends the trial court abused its discretion by permitting [a witness] to testify as an expert in forensic chemistry."), or in his MAR (see Docket Entry 5-9 at 2-12; see also Docket Entry 1 at 17 ("[Petitioner] contends his indictments are fatally defective due to inaccurate information from a confidential informant. [He] also alleges he received ineffective assistance of trial counsel when [his counsel] failed to submit a pre-trial motion to dismiss due to a fatally defective indictment." (internal ellipses and quotation marks omitted)). Further, North Carolina law procedurally bars Petitioner from now raising those claims in state court, see N.C. Gen. Stat. § 15A-1419(a)(1) & (3) & (b), resulting in their procedural bar in this Court as well, see Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.

-3-

1998). Finally, Petitioner has not made a showing adequate to overcome that default. (See Docket Entry 1, ¶ 12(Ground One)(d) & (Ground Two)(d); Docket Entry 7.)[4] Grounds One and Two thus fail.

## B. Ground Three

Ground Three seeks relief for a "defective indictment" in reliance on these "[s]upporting facts": "[t]here exist [sic] a fatal variance in the indictment as to how [Petitioner] was convicted by information and/or evidence not credible and the

---

[4] To the extent Petitioner seeks relief from his procedural default of Grounds One and Two based on the assertion that "the Court has records of these [sic] gross miscarriage of justice" (Docket Entry 7 at 1), "[h]e offers nothing to support his conclusory statements that a failure to consider [Grounds One and Two] would be a miscarriage of justice, so his defaults of [Grounds One and Two] are not excusable," Neely v. Clarke, No. 2:13CV274, 2014 WL 1220544, at *7 (E.D. Va. Mar. 24, 2014) (unpublished), appeal dismissed, 582 F. App'x 257 (4th Cir. 2014). Moreover, although two recent decisions by the United States Supreme Court "addressed whether a procedural bar . . . should apply to an ineffective assistance of counsel claim [not raised in] a state habeas proceeding [where the petitioner did not have counsel in that state habeas proceeding]," Wilson v. Perry, No. 1:14CV576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (unpublished) (discussing Trevino v. Thaler, ___ U.S. ___, 133 S. Ct. 1911 (2013), and Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012)), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014), cert. denied sub nom., Wilson v. Joyner, ___ U.S. ___, 135 S. Ct. 2808 (2015), Petitioner cannot benefit from those two Supreme Court decisions because he has "failed to demonstrate that his underlying claim [in Ground One] was a substantial one, as required [by those two Supreme Court decisions] to overcome a procedural default," Jones v. Franke, 587 F. App'x 425, 425 (9th Cir. 2014). In that regard, "to the extent Petitioner bases his ineffective assistance of counsel claim [in Ground One] on his attorney's alleged failure to investigate [various matters], [he] has presented . . . unsupported and conclusory allegations, which are insufficient to warrant either an evidentiary hearing or habeas relief." Powell v. Shanahan, No. 3:13CV496FDW, 2014 WL 1464397, at *8 (W.D.N.C. Apr. 15, 2014) (unpublished) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255, 266 n.4 (4th Cir. 1999)). Ground Two similarly lacks merit. Most notably, with but one exception (involving a life sentence imposed on a defendant convicted only of uttering a $100 bad check), "not a single defendant before the Supreme Court has been successful in establishing even a threshold inference of gross disproportionality in a non-capital case. For example, in Harmelin v. Michigan, 501 U.S. 957 (1991), the Court rejected an as-applied Eighth Amendment challenge to a mandatory life sentence in a cocaine possession case." United States v. Said, ___ F.3d ___, ___, 2015 WL 4759502, at *12 (4th Cir. 2015) (internal quotation marks and some internal citations omitted); see also id. at ___, 2015 WL 4759502, at *15 (Davis, J., concurring) (observing that "the Constitution has remarkably little to say about severe, but non-capital, criminal punishments").

-4-

wording of the alleged evidence in conflict with the language of the indictment." (Docket Entry 1, ¶ 12(Ground Three)(a).) Petitioner did not present this claim on direct appeal. See Navarrete-Garcia, 2013 WL 1314155, at *1 ("In his sole argument on appeal, [Petitioner] contends the trial court abused its discretion by permitting [a witness] to testify as an expert in forensic chemistry."). Petitioner's MAR did attack his convictions based on the alleged existence of "fatally defective indictments (fatal variance) . . . ." (Docket Entry 5-9 at 4; see also id. at 5 ("Petitioner[] asserts that several of his charging indictments are fatally defective due to inaccurate information from a confidential informant. . . . Moreover, the indictments fail especially when there is a fatal variance between its allegation [sic] and the evidence introduced at trial or before sentencing.").)

The trial court, however, deemed that claim procedurally barred by North Carolina law because Petitioner failed to raise it on direct appeal. (See Docket Entry 1 at 17.) That determination renders Ground Three procedurally barred in this Court. See Williams v. French, 221 F.3d 203, 208-09 (4th Cir. 1998). Nor has Petitioner established a basis to set aside that default. (See Docket Entry 1, ¶ 12(Ground Three)(d); Docket Entry 7.)[5]

---

[5] Petitioner's conclusory statement that "the Court has records of these [sic] gross miscarriage of justice" (Docket Entry 7 at 1), does not provide a viable basis for excusing his procedural default of Ground Three, see Neely v. Clarke, No. 2:13CV274, 2014 WL 1220544, at *7 (E.D. Va. Mar. 24, 2014) (unpublished), appeal dismissed, 582 F. App'x 257 (4th Cir. 2014). In any event, Ground Three would fail on the merits. "[T]he Fifth Amendment requirement of indictment by grand jury does not apply to the states," Hartman v. Lee, 283 F.3d 190, 195 n.4 (4th Cir. 2002), and thus "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus
(continued...)

Accordingly, the Court should deny Ground Three.

### III. Conclusion

Petitioner has not shown entitlement to habeas relief.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be **GRANTED** and that Judgment be entered dismissing this action without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 18, 2015

---

[5](...continued)
relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the [petitioner's] right to due process," Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985); see also Locklear v. North Carolina, No. 1:07CV682, 2008 WL 4426167, at *3 (M.D.N.C. Sept. 24, 2008) (unpublished) ("[C]laims of this type, i.e., those alleging deficiencies in state court indictments, are not cognizable on federal habeas review, absent a showing that they rendered the entire state court proceeding fundamentally unfair."), appeal dismissed, 393 F. App'x 122 (4th Cir. 2010). Ground Three alleges no such circumstances, but instead merely offers the bald assertion that, due to some unidentified "fatal variance in the indictment . . . [Petitioner] was convicted by information and/or evidence [that was] not credible . . . ." (Docket Entry 1, ¶ 12(Ground Three)(a).) Such vague allegations do not state a habeas claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255, 266 n.4 (4th Cir. 1999); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).